[No. 2520.   July 20, 1921.]

## MACY v. MIELENZ (DEXTER STATE BANK, Intervener).

### SYLLABUS BY THE COURT.

1.   Where the court finds as a fact that a deed was to be held as security for money borrowed from a bank for the purchase price of the property, an equitable lien for the repayment of such money was properly impressed upon such property.                                                    P. 263

2.   Where a deed is delivered to be held in escrow by a bank as security for the indebtedness of one of its officers to the bank, the fact that it is a complete instrument does not prevent the delivery being in escrow, and does not pass title to the grantee by such delivery in escrow.        P. 264

3.   An escrow agreement may be established by parol.
                                                    P. 264

Appeal from District Court, Chaves County; Brice, Judge.

Suit by C. M. Macy against Fred Mielenz for partition, in which the Dexter State Bank intervened.   From a judgment in favor of the intervener, plaintiff appeals.   Affirmed.

Ed S. Gibbany and I. S. Epstein, both of Roswell, for appellant.

H. C. Maynard, of Roswell, for appellees.

## OPINION OF THE COURT.

RAYNOLDS, J.   This suit was brought by C. M. Macy against Fred Mielenz and Thomas Wheaton to partition 40 acres of land, the northeast quarter of the northwest quarter, section 17, township 13 north, range 26 east, N. M. P. M.   The Dexter State Bank intervened in the case, claiming to have advanced the money for the purchase of land under an agreement to secure the purchase money by delivery of the deed in blank to the bank, the deed to be held until the purchase money was paid.   The purchasers, Fred Mielenz and A. E. Macy, were respectively cashier and president of the intervener bank at the time of the purchase.   The name of the grantee in the deed was left blank, and the deed was retained by the bank for some time.   Later Mielenz's name was inserted therein so that he could borrow money on the land.   He borrowed $3,000 from the Pacific Mutual Life Insurance Company with which he paid to the bank his portion of the notes.   About this time Macy desired something to show his interest in the land, and it was agreed, as found by the trial judge, between the bank and Macy and Mielenz that Mielenz should deed an undivided one-half interest in the land to Macy, the deed to be held by the intervener bank until Macy had paid his portion of the notes due on the purchase price.   This deed was left in the bank unrecorded for a number of years.   During this time A. E. Macy, the president of the bank, gave a mortgage to C. M. Macy, his brother, who was the plaintiff below, which C. M. Macy sought to foreclose, but dismissed the foreclosure proceedings when the bank was preparing to intervene in the suit.   The trial judge found that there was collusion between A. E. Macy and C. M. Macy to obtain title to the property without paying the note in question, as A. E. Macy had in the meantime become a bankrupt and was unable to pay the note.   The court further found that the mortgage made to C. M. Macy, the suit brought thereon and

subsequently dismissed, and the deed given by A. E. Macy to C. M. Macy when the suit was dismissed in satisfaction of the mortgage were all a part of a scheme to secure possession of and title to the property without paying the indebtedness at the bank. The court further found that it was never the intention of the parties that delivery of the deed should be made to A. E. Macy, but, on the other hand, it was their intention to deliver it to the bank to be held in escrow for A. E. Macy until his notes secured by it were paid. Upon the trial of the case below, judgment was rendered in favor of the bank, and an equitable lien impressed upon the property and ordered foreclosed. From this judgment C. M. Macy appeals to this court.

An assignment of seven errors which appellant in his brief summarizes in the general proposition:

"That the entire structure of the findings and judgment of the court below are based upon the conclusion of law that the deed from Mielenz to A. E. Macy was not delivered: (1) Because at the time the money was furnished by the bank for the purchase of the land both A. E. Macy and Mielenz intended the land should be held for the payment of the money borrowed; (2) that when a year after the purchase Meilenz made a mortgage on the land and a deed to Macy, that Macy, acting in a dual capacity as bank officer and grantee in the deed, should hold his own deed in escrow until he paid his note to the bank."

[1] Appellant contends that there is no evidence whatever of the intention to hold the first deed in which the grantee's name was in blank as security for the money advanced by the bank, and further argues that there is no evidence to support the finding of the court that such was the intention. In this, however, he is mistaken, as the evidence of Mielenz clearly shows that such was the agreement and intention of the parties, and that the name of the grantee was left in blank and the deed unrecorded for the very purpose of securing the bank for the money advanced. There is a conflict of testimony on

this point; A. E. Macy testifying that there was no such agreement. But we think the court was justified, under the circumstances of the case, in the finding made as to the agreement.

[3] As to the second proposition, appellant argues that the deed made by Mielenz to Macy was a complete deed and was delivered to Macy. On this point there is also a conflict of evidence, and the court, as before stated, found that there was collusion between A. E. Macy and C. M. Macy in withdrawing the deed which had been made to A. E. Macy and placing it of record, thereby seeking to acquire title to the property in question without payment of the money due the bank.

The appellant argued that the deed was a complete deed, and, delivery having been made, no conditions could be attached to it, but the court finds that no delivery was made to A. E. Macy, and that he held the deed in escrow for the benefit of the bank.

Appellant further argued that A. E. Macy could not act in a dual capacity, both as an officer of the bank and in his individual capacity, and that he could not hold his own deed in escrow. It is undoubtedly the law that the grantee in a deed cannot hold the same in escrow. Dev. on Deeds, vol. 1, pp. 553, 555, 561. But in this case the corporation may hold the deed in escrow for an officer just as an officer may hold a deed in escrow for a corporation. The corporation and the officers composing it are not identical, and they may act as escrow agents for each other. Dev. on Deeds, vol. 1, p. 558, and note 2; Blair v. Security Bank of Richmond, 103 Va. 762, 50 S. E. 262; Southern Life Insurance Co. v. Cole, 4 Fla. 359.

[2] The appellant further contends that such a trust or lien as is here involved is contrary to the statute of frauds, and that, if there was such an agreement to hold the property in trust for the bank,

it should have been in writing or it is void. This contention is without merit, as an escrow agreement may be established by parol, and the court found as a fact that the deeds in both cases were never delivered, but were held in escrow to secure the bank. Dev. on Deeds, vol. 1, p. 551, § 312a.

We find no error in the decision of the court below, and it is therefore affirmed; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.